Thomas K. Doyle, OSB No. 972511
doylet@bennetthartman.com
Bennett, Hartman, Morris & Kaplan, LLP
210 SW Morrison St., Suite 500
Portland, OR 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800

      Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| COURTNEY THANANE and JONI HOWE, | Case No.: |
| Plaintiffs, | CLASS ACTION ALLEGATION COMPLAINT |
| v. | Wage, Fraud, and Racketeering Action (18 U.S.C. § 1961-1968; 29 U.S.C. § 201-219; ORS 166.715-735; ORS 652.120; ORS 652.140; ORS 652.610; ORS 653.261; Common Law Fraud) |
| PROVIDENCE HEALTH & SERVICES – OREGON, d.b.a. PROVIDENCE ST. VINCENT MEDICAL CENTER, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### SUMMARY STATEMENT

1.      This is an action under federal and state law seeking monetary relief and attorney fees and costs to redress Defendant's failure to pay Plaintiffs all wages owed.

### JURISDICTION AND VENUE

2.      Jurisdiction lies pursuant to 28 U.S.C. § 1331 because this matter involves a civil action arising under the laws of the United States and pertaining to federal questions.

3.      Supplemental jurisdiction of all state law claims lies pursuant to 28 U.S.C. § 1367 because the state law claims alleged in this complaint arise out of the same nucleus of operative facts as the federal law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because the claims alleged in this complaint are based upon events and omissions which have substantially occurred in this District.

## PARTIES

5.      Joni Howe ("Plaintiff Howe") was, and is now, a citizen of the United States and a resident and citizen of the County of Washington, State of Oregon.

6.      Courtney Thanane ("Plaintiff Thanane") was, and is now, a citizen of the United States and a resident and citizen of the County of Multnomah, State of Oregon.

7.      Providence Health & Services – Oregon ("Defendant") is a nonprofit corporation incorporated under the laws of the State of Oregon, with its principal place of business at 1801 Lind Avenue Southwest, #9016, County of King, State of Washington. Defendant, doing business as Providence St. Vincent Medical Center, employs over 3,000 staff at its facility at 9205 SW Barnes Road, in the County of Washington, State of Oregon ("St. Vincent Facility").

## ADMINISTRATIVE PREREQUISITES

8.      On or about August 5, 2013, Plaintiffs provided Defendant notice through its attorney of their intent to proceed with a class action to remedy the violations alleged herein.

9.      Pursuant to ORS 652.150(2), Plaintiff Thanane provided written notice of nonpayment to Defendant more than 12 days prior to the filing of this action and alleging facts sufficient to estimate the amount owed.

10.     Plaintiffs have complied with all administrative prerequisites to file suit, and have allowed Defendant an opportunity to cure violations prior to the commencement of litigation.

## FACTS COMMON TO ALL CLAIMS

11.    Defendant employed Plaintiff Howe at its St. Vincent Facility on or about September 15, 2008, until on or about May 10, 2013.

12.    Defendant employed Plaintiff Thanane at its St. Vincent Facility on or about July 18, 2005, until on or about May 2, 2013.

13.    Since 2007,  Defendant maintained a policy to round employee work hours up or down to the nearest 15-minute increment. All rounding occurred automatically with the use of Kronos-brand time-tracking software.

14.    Concurrent with its rounding policy, Defendant maintained an attendance policy which penalized employees for clocking-in more than 1 minute late for the start of a shift. Specifically, Defendant's policy stated that "employees are expected to be at their work area on time . . . . [and] not to exceed five (5) occurrences of unscheduled . . . tardy events in a rolling twelve (12) month period." Employees that exceeded five tardy events in any one year risked verbal counseling or discipline.

15.    Defendant's management staff also instructed employees to clock-in no more than 7 minutes before the start of a shift so as to minimize or avoid overtime compensation.

16.    As a result of Defendant's attendance policy and management instruction, employees ordinarily clocked-in between 1 and 7 minutes before the start of their shift. These early clock-in times greatly exceeded late clock-in times and were rounded up to the whole or half hour in accordance with Defendant's rounding policy. Over time, Defendant did not fully compensate Plaintiffs for all the time they actually worked, including work time that exceeded a 40-hour workweek.

17.    Defendant did not provide employees an itemized statement to show the amount and purpose of the wages withheld as a result of its practice of routinely rounding up employee clock-in times at the beginning of each shift.

Page 3 - COMPLAINT

18.     Throughout Plaintiffs' employment, Defendant's management staff reduced employee work times by logging onto Defendant's computer network of multi-state health care facilities and altering the end-shift time recorded in Kronos. Defendant's management staff often recorded the end-shift time as 7 minutes past the hour, thereby triggering Kronos to round down employee work times.

19.     As a result of Defendant's management staff altering the recorded work times of employees, Defendant did not fully compensate Plaintiffs for all the time they actually worked, including work time that exceeded a 40-hour workweek.

20.     Defendant did not provide employees an itemized statement to show the amount and purpose of the wages withheld as a result of its management staff altering recorded work times and causing Kronos to further round down employee work times.

21.     Throughout Plaintiffs' employment, Defendant did not fully compensate Plaintiffs for all the time they worked on the first day of Daylight Saving Time, including work time that exceeded a 40-hour workweek.

22.     Defendant did not provide employees an itemized statement to show the full amount and purpose of the wages withheld on the first day of Daylight Saving Time.

23.     Defendant failed to pay Plaintiffs all their unpaid wages at the times of their respective terminations.

24.     To date, Defendant has yet to pay Plaintiffs all their unpaid wages.

<u>CLASS ACTION ALLEGATIONS</u>

25.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek to have this action maintained as a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years ("the Class").

26.     Upon information and belief, there are over 1,000 persons in the Class. Individual

members of the class are so numerous that joinder of all of them is impracticable.

27.     Plaintiffs' claims raise questions of law and fact common to the Class, and which predominate over questions affecting individual members of the Class, including but not limited to:

      a.     Whether Defendant's rounding policy in conjunction with its attendance policy resulted in employees not being fully compensated over time;

      b.     Whether Defendant's management staff altered employees' recorded work times;

      c.     Whether Defendant failed to pay unpaid wages at employees' regularly scheduled paydays and at termination; and

      d.     Whether Defendant's failure to fully compensate employees resulted in violations of state and federal law alleged herein.

28.     Plaintiffs' claims are typical of the claims of individual members of the Class.

29.     Plaintiffs have retained the undersigned counsel who is competent and experienced in complex class actions and employment law. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

30.     A class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Defendant's common and uniform practices, policies, and procedures.

31.     The expense and burden required to pursue this litigation may well exceed the relative damages suffered by many of the individual members of the Class.

32.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform practices, policies, and procedures.

33.     A class action is superior to all other available methods for the fair and efficient

adjudication of these claims, particularly since many individual members of the Class may as yet be unaware that they have not been fully compensated for their actual time worked.

COLLECTIVE ACTION ALLEGATIONS

34.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to bring this action on behalf of themselves and similarly situated employees.

35.    All current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years were victims of common and uniform practices, policies, and procedures that violated 29 U.S.C. § 207, and, therefore, all such employees were similarly situated.

36.    Plaintiffs have retained the undersigned counsel who is competent and experienced in complex employment law actions. Concurrent with the prosecution of other claims alleged herein, Plaintiffs will fairly and competently use an opt-in mechanism to ensure that any additional plaintiffs give their consent in writing, and that such consent is filed with this Court, prior to joining any claims under 29 U.S.C. § 207.

FIRST CLAIM FOR RELIEF

(18 U.S.C. § 1962 – Racketeering Activity)

37.    Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

38.    All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

39.    The facts set forth above establish that Defendant engaged in a scheme to defraud Plaintiffs of their wages and repeatedly made interstate electronic communications in furtherance of that scheme. Defendant, therefore, repeatedly committed wire fraud as defined by 18 U.S.C. § 1343, and, in so doing, engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962.

40.     As a direct result of Defendant's violation of 18 U.S.C. § 1962, Plaintiffs suffered noneconomic and economic damages, including, but not limited to, lost wages.

41.     Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover threefold the amount of their damages, plus costs and reasonable attorney fees.

SECOND CLAIM FOR RELIEF

(29 U.S.C. § 207 – Failure to Pay Overtime)

42.     Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

43.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

44.     The facts set forth above establish that Defendant failed to compensate Plaintiffs at a rate not less than one and one-half times their regular rate for time worked in excess of 40 hours for the workweek, therefore violating 29 U.S.C. § 207.

45.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of their unpaid overtime compensation, liquidated damages, and costs and reasonable attorney fees.

THIRD CLAIM FOR RELIEF

(ORS 166.720 – Racketeering Activity)

46.     Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

47.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

48.     The facts set forth above establish that Defendant knowingly used a computer network to repeatedly execute a scheme to defraud Plaintiffs of their wages, obtain money or services by means of false pretenses, and/or commit theft of services. Defendant, therefore, repeatedly committed computer crime as defined by ORS 164.377(2), and, in so doing, engaged in a pattern of racketeering activity in violation of ORS 166.720.

49.     As a direct result of Defendant's violation of ORS 166.720, Plaintiffs suffered noneconomic and economic damages, including, but not limited to, lost wages.

50.     Pursuant to ORS 166.725(7)(a), Plaintiffs are entitled to recover threefold the amount of their damages.

51.     Pursuant to ORS 166.725(14), Plaintiffs are entitled to an award of reasonable attorney fees.

52.     Pursuant to ORS 31.725(2), Plaintiffs intend to move the court to allow a prayer for punitive damages as authorized by ORS 166.725(7)(a).

## FOURTH CLAIM FOR RELIEF

### (ORS 652.120 – Failure to Pay Wages Due)

53.     Plaintiff s re-allege and incorporate paragraphs 1 through 36 above.

54.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

55.     The facts set forth above establish that Defendant failed to pay Plaintiff   all wages due and owing to them on their regular paydays, therefore violating ORS 652.120(1).

56.     Upon receiving notice of the unpaid wages, Defendant failed to pay Plaintiffs any undisputed amounts within the time allotted in ORS 652.120(5).

57.     Pursuant to ORS 652.200(2), Plaintiffs are entitled to an award of their unpaid wages, plus costs and reasonable attorney fees.

## FIFTH CLAIM FOR RELIEF

### (ORS 652.140 – Failure to Pay Wages on Termination)

58.     Plaintiff Thanane re-alleges and incorporate paragraphs 1 through 36 above.

59.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

Page 8 - COMPLAINT

60.     The facts set forth above establish that Defendant failed to pay Plaintiffs all wages earned and unpaid at the time of their termination, therefore violating ORS 652.140.

61.     Pursuant to 652.150, as penalty for Defendant's nonpayment of wages, Plaintiff Thanane is entitled to payment of 30 days' wages at Plaintiff's regular pay rate for 8 hours per day.

62.     Pursuant to ORS 652.200(2), Plaintiff Thanane is entitled to an award of her unpaid wages, plus costs and reasonable attorney fees.

SIXTH CLAIM FOR RELIEF

(ORS 652.610 – Unlawful Wage Withholding)

63.     Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

64.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

65.     The facts set forth above establish that Defendant withheld money from the wages earned by Plaintiffs without providing an itemized statement to show the amount and purpose of the withheld wages, therefore violating ORS 652.610.

66.     As a direct result of Defendant's violation of ORS 652.610, Plaintiffs suffered noneconomic damages and economic damages, including, but not limited to, lost wages.

67.     Pursuant to ORS 652.615, Plaintiffs are entitled to recover the amount of their damages or $200, whichever is greater, for each instance of a violation of ORS 652.610 alleged herein.

68.     Pursuant to ORS 652.615, Plaintiffs are entitled to an award of costs and reasonable attorney fees.

SEVENTH CLAIM FOR RELIEF

(ORS 653.261 – Failure to Pay Overtime)

69.     Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

70.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

71.     The facts set forth above establish that Defendant failed to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for time worked in excess of 40 hours for the workweek, therefore violating OAR 839-020-0030 as authorized by ORS 653.261(1).

72.     Pursuant to ORS 653.055(1), Plaintiffs are entitled to an award of any unpaid overtime compensation, plus a penalty of 30 days' wages at Plaintiffs' regular pay rates for 8 hours per day. Pursuant to OAR 839-020-1000, each day's violation is separate and distinct, and subject to separate penalties.

73.     Pursuant to ORS 653.055(4), Plaintiffs are entitled to an award of reasonable attorney fees.

### EIGHTH CLAIM FOR RELIEF

(Common Law Fraud)

74.     Plaintiffs re-allege and incorporate paragraphs 1 through 36 above.

75.     All actions taken by Defendant's agents as set forth above were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

76.     The facts set forth above establish that Defendant's management staff knowingly modified Plaintiffs' time records so as to falsely represent the hours worked by Plaintiffs.

77.     Defendant's management staff falsely represented Plaintiffs' work hours with the intent to deny Plaintiffs full compensation.

78.     Plaintiffs reasonably relied on the accuracy of the time records, and, as a result, suffered noneconomic and economic damages.

79.     Pursuant to Oregon common law, Plaintiffs are entitled to recover the amount of

their damages.

<u>DEMAND FOR JURY TRIAL</u>

80.     Plaintiffs hereby request a jury trial on all triable claims and issues herein.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.      On Plaintiffs' FIRST CLAIM FOR RELIEF for violation of the Racketeer

Influenced and Corrupt Organizations Act:

 a.   A finding that Defendant's actions violated 18 U.S.C. § 1962;

 b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a

  class comprised of all current and former employees of Defendant who worked

  at Defendant's St. Vincent Facility in the past six years;

 c.   Pursuant to 18 U.S.C. § 1964(c), an award of threefold noneconomic and

  economic damages in an amount to be determined at trial;

 d.   Pursuant to 18 U.S.C. § 1964(c), an award of attorney fees and costs; and

 e.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all

  amounts from the date they became due.

2.      On Plaintiffs' SECOND CLAIM FOR RELIEF for violation of the Fair Labor

Standards Act:

 a.   A finding that Defendant's actions violated 29 U.S.C. § 207;

 b.   Pursuant to 29 U.S.C. § 216(b), certification of a collective action comprised of

  all current and former employees of Defendant who worked at Defendant's St.

  Vincent Facility in the past six years;

 c.   Pursuant to 29 U.S.C. § 216(b), an award of unpaid overtime compensation

  plus liquidated damages in an amount equal to unpaid overtime compensation;

d.   Pursuant to 29 U.S.C. § 216(b), an award of attorney fees and costs; and

e.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

3.   On Plaintiffs' THIRD CLAIM FOR RELIEF for violation of the Oregon Racketeer Influenced and Corrupt Organization Act:

a.   A finding that Defendant's actions violated ORS 166.720;

b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years;

c.   Pursuant to ORS 166.725(7)(a), an award of threefold noneconomic and economic damages in an amount to be determined at trial;

d.   Pursuant to ORS 166.725(14), an award of attorney fees; and

e.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

4.   On Plaintiffs' FOURTH CLAIM FOR RELIEF for violation of ORS 652.120:

a.   A finding that Defendant's actions violated ORS 652.120;

b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years;

c.   Pursuant to ORS 652.200(2), an award of all unpaid wages;

d.   Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

e.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

5.   On Plaintiffs' FIFTH CLAIM FOR RELIEF for violation of ORS 652.140:

    a.   A finding that Defendant's actions violated ORS 652.140;

    b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years;

    c.   Pursuant to ORS 652.200(2), an award of all unpaid wages;

    d.   Pursuant to ORS 652.150, an award of penalty wages at Plaintiffs' regular rates of pay for 30 days at 8 hours per day;

    e.   Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

    f.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

6.      On Plaintiffs' SIXTH CLAIM FOR RELIEF for violation of ORS 652.610:

    a.   A finding that Defendant's actions violated ORS 652.610;

    b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years;

    c.   Pursuant to ORS 652.615, an award of noneconomic and economic damages in an amount to be determined at trial;

    d.   Pursuant to ORS 652.615, an award of attorney fees and costs; and

    e.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

7.      On Plaintiffs' SEVENTH CLAIM FOR RELIEF for violation of ORS 653.261:

    a.   A finding that Defendant's actions violated ORS 653.261;

    b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked

at Defendant's St. Vincent Facility in the past six years;

    c.   Pursuant to ORS 653.055(1), an award of unpaid overtime compensation;

    d.   Pursuant to ORS 652. 150, an award of penalty wages at Plaintiffs' regular rates of pay for 30 days at 8 hours per day;

    e.   Pursuant to ORS 653.055(4), an award of attorney fees; and

    f.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

8.      On Plaintiffs' EIGHTH CLAIM FOR RELIEF for Common Law Fraud:

    a.   A finding that Defendant's actions constituted fraud;

    b.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class comprised of all current and former employees of Defendant who worked at Defendant's St. Vincent Facility in the past six years;

    c.   Pursuant to Oregon common law, an award of noneconomic and economic damages in an amount to be determined at trial; and

    d.   Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

9.      Such further relief in favor of Plaintiffs as this Court deems appropriate.

DATED this 13th of day of September, 2013.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

s/  *Thomas K. Doyle*

 

Thomas K. Doyle, OSB No. 972511
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
doylet@bennetthartman.com
Of Attorneys for Plaintiffs